399 So.2d 1088 (1981)
James HAWTHORNE, Appellant,
v.
The STATE of Florida, Appellee.
No. SS-275.
District Court of Appeal of Florida, First District.
June 22, 1981.
*1089 Dennis K. Larry, Pensacola, for appellant.
Jim Smith, Atty. Gen., and Miguel Olivella, Jr., Asst. Atty. Gen., for appellee.
McCORD, Judge.
This is an appeal from a judgment and sentence finding appellant guilty of first-degree murder and armed robbery and sentencing him to two consecutive life imprisonment terms. We affirm.
Appellant first contends that the trial judge abused his discretion when he denied appellant's challenge of juror Thadeus Grant for cause. The court ruled at the outset that the voir dire examination would be by individual examination of each prospective juror. Grant was the first juror called to the box, and after his examination, the attorneys announced their acceptance of him. He was then excused and was not called back to the jury box until approximately 10:00 the next morning, during which time other prospective jurors were examined until a complete jury had been selected. The court then inquired of the jurors as to whether any of them had become so irritated with the delays imposed during the voir dire examination that they could not render a fair verdict in the case. Mr. Grant expressed some irritation and attributed it to defense counsel although he had previously answered "no" to a question by the court as to whether or not he was upset by the delay and would hold this against the court or the parties. At a later point on a question by the court as to whether he was irritated enough that it might influence him in the case, he replied: "It's hard to say, Judge." After further questions and answers relative to the delay, however, Mr. Grant stated that if he was retained on the jury, "I will do my duty the best I can." Thereafter, he was asked the following question:
Q Do you have any reason to believe in your mind that you would not be a fair juror?
A No. I have decided many times what will happen to people.
Then defense counsel asked the following question: "Mr. Grant, one last question. Will you do your best to overlook the delay and take the case?" To which Mr. Grant responded: "I said that." Defense counsel then asked him to repeat his answer and he said: "I'll do my best."
The Supreme Court in Singer v. State, 109 So.2d 7 (Fla. 1959), stated the test in such cases as follows:
We think the true test to be applied should be not whether the juror will yield his opinion, bias or prejudice to the evidence, but should be that whether he is free of such opinion, prejudice or bias or, whether he is infected by opinion, bias or prejudice, he will, nevertheless, be able to put such completely out of his mind and base his verdict only upon evidence given at the trial.
Whether or not a prospective juror will be dismissed for cause is a mixed question of law and fact within the discretion of the trial judge, and his ruling will not be set aside unless error is manifest. Singer v. State, supra. Here, the trial court observed Mr. Grant and his demeanor during the course of the examination and evidently concluded that Grant would not let any irritation which he had developed toward defense counsel influence him in rendering his verdict. We find no abuse of discretion.
Appellant next contends that the prosecutor's conduct during closing argument resulted in prejudice to him and constituted reversible error. The remarks made by the prosecutor relative to defense counsel appear to have been an overreaction to critical remarks made by the defense counsel in his opening argument. Looking at the record as a whole, we do not find that the remarks constitute reversible error.
*1090 Appellant next contends that the trial court erred in allowing witness Nechetsky to testify from certain records. Appellant put on an alibi defense testifying that he was in Kokoma, Indiana, at the time of the robbery on April 7, 1978; that he had departed from Mobile, Alabama, early in the morning on April 4, 1978, on a Trailways bus to Indianapolis, Indiana, thereafter taking a local busline to Kokoma. In rebuttal of appellant's alibi, the State called as a witness Mr. Nechetsky, manager of the Mobile, Alabama, Trailways bus terminal, who had been employed by Trailways for approximately 27 years prior to the trial. Nechetsky testified that he kept a daily record of every ticket sold in the terminal showing the destination and ticket number; that this record was made in the regular course of business on the morning following the day the tickets were sold. He testified from these records that no Trailways bus ticket had been sold during the month of April to any person for passage from Mobile, Alabama, to Indianapolis, Indiana. Appellant's counsel objected to Nechetsky's testimony from the report and requested that the original tickets, carbons of those tickets or stubs of those tickets be produced so that he could check the accuracy of the reports. He also objected to Nechetsky's testimony on the ground that the record was not made at or near the time of the act, condition or event.
Nechetsky testified that the audit stubs (ticket stubs) from which his record is made are destroyed after a period of time and that he did not know whether or not the ones covering the period in question were then in existence; that if a salesman that issued a ticket threw away the ticket carbon and the audit stub, he would find it to be missing in his audit of tickets for that day from the ticket sequence numbers. The trial court ruled that the testimony was admissible, under the Florida rules of evidence. The pertinent portion of the Florida Evidence Code, § 90.803, Florida Statutes (1979), states as follows:

Hearsay exceptions; availability of declarant immaterial.  The provision of s. 90.802 to the contrary notwithstanding, the following are not inadmissible as evidence, even though the declarant is available as a witness:
(1) * * *
(2) * * *
(3) * * *
(4) * * *
(5) * * *
(6) RECORDS OF REGULARLY CONDUCTED BUSINESS ACTIVITY. 
(a) A memorandum, report, record or data compilation, in any form, of acts, events, conditions, opinion, or diagnosis, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity and if it was the regular practice of that business activity to make such memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness, unless the sources of information or other circumstances show lack of trustworthiness. The term "business" as used in this paragraph includes a business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit.
* * * * * *
We find the trial court did not err in its ruling. The record fits the above statute. Contrary to appellant's objection, witness Netchetsky's testimony shows that the record was made at or near of the time of the act, condition, or event.
We have considered appellant's remaining point and find it to be without merit.
MILLS, C.J., and THOMPSON, J., concur.