436 So.2d 1047 (1983)
Robert William IRBY, Appellant,
v.
STATE of Florida, Appellee.
No. AP-399.
District Court of Appeal of Florida, First District.
August 30, 1983.
Rehearing Denied September 23, 1983.
*1048 Charlene V. Edwards, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., Andrew Thomas, Asst. Atty. Gen., for appellee.
WENTWORTH, Judge.
Appellant is an inmate at the Union Correctional Institution and was found guilty, after a jury trial, of battery on a correctional officer at the Union facility. We agree with appellant's contention that Union correctional officers whom appellant challenged "for cause" should have been excused from jury service; we therefore reverse the judgment and sentence appealed.
The jury venire in this case included several Union correctional officers, each of whom appellant challenged for cause. In response to questioning by counsel and the court, each correctional officer asserted that he would impartially decide the case solely on the facts presented. The court denied appellant's challenges for cause, and appellant then utilized his peremptory challenges. After the peremptory challenges were exhausted one officer remained on the jury which resolved conflicting testimony, presented by appellant and the alleged victim, and found appellant guilty of the offense charged. The various correctional officers whom appellant challenged serve in related institutional facilities, and in the same general employment capacity,[1] as the alleged victim.
Article I, § 16, Fla. Const., provides that:
In all criminal prosecutions the accused shall ... have a speedy and public trial by impartial jury....
Section 913.03(10), Florida Statutes, provides that a jury may be challenged "for cause" if possessed of "a state of mind ... that will prevent him from acting with impartiality... ." The statute also indicates that, despite a juror's predisposition, "if he declares and the court determines that he can render an impartial verdict" the juror shall not be excused "for cause."
The fairness of a proceeding and the impartiality of a jury are not necessarily impaired because a juror is placed in a potentially compromising situation (see Smith v. Phillips, 455 U.S. 209, 102 S.Ct. 940, 71 L.Ed.2d 78 (1982)), and a trial court has broad discretion regarding determinations of juror bias. See Hawthorne v. State, 399 So.2d 1088 (Fla. 1st DCA 1981). We conclude, however, that the circumstances of the present case raise both an appearance and a substantial probability of inherent juror bias, in a trial for an alleged offense against a person in the course of employment involving unusual personal risks identical to those shared by the challenged jurors. Pursuant to § 913.03(10), therefore, the challenged correctional officers should have been excused upon challenge for cause. The denial of appellant's challenge was an abuse of discretion resulting *1049 in manifest error which requires reversal of appellant's conviction.[2]
Accordingly, the judgment of conviction and sentence are reversed and the cause remanded for trial anew.
BOOTH and THOMPSON, JJ., concur.
NOTES
[1] One of the challenged correctional officers was the alleged victim's immediate supervisor.
[2] The state relies on Morgan v. State, 415 So.2d 6 (Fla. 1982). To the extent that Morgan suggests that correctional officers are not statutorily excluded from juror service in all instances, we note that Morgan was directed to service by such officers on juries for criminal prosecutions generally, and did not involve the limited circumstances which the case now before us presents, i.e., correlation of an unusual specific employment risk for the juror and the victim of the offense charged.

In situations which bear some degree of similarity to the instant case, various jurisdictions have taken disparate positions. E.g., compare Commonwealth v. Colon, 223 Pa.Super. 202, 299 A.2d 326 (1972), with Lugo v. State, 136 Tex.Cr.R. 226, 124 S.W.2d 344 (1929).