ZEHMER, Judge.
Appellant appeals his conviction of battery of a correctional officer while an inmate at the Union Correctional Institution. He contends that the trial court erroneously denied his challenges for cause of two correctional officers of that and a related penal institution called as prospective jurors in the trial of his case. We reverse on the authority of Irby v. State, 436 So.2d 1047 (Fla. 1st DCA 1983).
The disputed issues in this ease turned on the credibility of the correction officers involved in the altercation with appellant and the credibility of appellant and his fellow prisoners. When questioned as prospective jurors, each of the two officers challenged stated, in effect, that he could be impartial and base his decision solely on the evidence presented despite the fact that he was employed in the prison system in a capacity similar to that of the alleged victim of the battery.[1] For this reason, the trial court denied the challenge for cause.[2] The juror’s statement that he can be impartial is not conclusive of that determination by the court, however, and we conclude that “the circumstances of the present case raise both an appearance and a substantial probability of inherent juror bias in a trial for an alleged offense against a person in the course of employment involving unusual personal risks identical to those shared by the challenged jurors,” and that the “denial of appellant’s challenge was an abuse of discretion resulting in manifest error which requires reversal of appellant’s conviction.” Irby v. State, supra, at 1048.
The two officers challenged for cause did not actually serve on the jury in this case because they were excused upon appellant’s exercise of two peremptory challenges. Appellant exhausted all of his peremptory challenges, however, and was required to go to trial with a jury panel including a maintenance and construction supervisor in a related prison institution in Union County after unsuccessfully challenging that juror for cause. “It is error for a court to force a party to exhaust his *406 peremptory challenges on persons who should be excused for cause since it has the effect of abriding the right to exercise peremptory challenges.” Leon v. State, 396 So.2d 203, 205 (Fla. 3d DCA 1981).
Accordingly, the judgment of conviction is REVERSED and the cause is REMANDED for a new trial.
SHIVERS, J., concurs.
MILLS, J., dissents, with opinion.

. The first of these prospective jurors knew both the appellant and the victim. The second prospective juror was asked by the court about anything “which makes you think you would not be a suitable juror in this case,” and replied, “I work at R.M.C. as a correctional officer.” He had been the victim of an attempted battery by a prisoner in an unrelated episode.

. One prospective juror was excused by the court because he stated, “I am a correctional officer. I feel I am personally involved.”