MILLS, Judge,
dissenting:
I dissent. I would affirm.
Article I, Section 16, Fla. Const., provides:
In all criminal prosecutions the accused shall ... have a speedy and public trial by impartial jury....
Section 913.03, Florida Statutes (1981), provides:
A challenge for cause to an individual juror may be made only on the following grounds:
The juror has a state of mind regarding the defendant, the case, the person alleged to have been injured by the offense charged, or the person on whose complaint the prosecution was instituted that will prevent him from acting with impartiality, but the formation of an opinion or impression regarding the guilt or innocence of the defendant shall not be a sufficient ground for challenge to a juror if he declares and the court determines that he can render an impartial verdict according to the evidence.
The two correctional officers stated unequivocally that their status as correctional officers would not prevent them from being fair and impartial jurors. There was no abuse of discretion. The trial court did just what the Constitution and the statute dictate. Can and should this Court compel it to do more? No.
Not only is the record devoid of evidence indicating prejudice or bias against the defendant because the two jurors were correctional officers, but the two jurors stated under oath they would give the defendant a fair and impartial trial. Does the law require more? No.
I would recede from Irby v. State, 436 So.2d 1047 (Fla. 1st DCA 1983), on which the majority bases its decision. Not only does Irby ignore the clear language of the Florida Constitution and Section 913.03(10), but the Court substitutes its judgment for that of the trial court which is prohibited. What divine insight does the Court possess to determine that the two jurors’ minds prevented them from acting with impartiality when the jurors stated under oath that they would be fair and impartial and the trial court so determined? None.
The trial court here was manifestly correct in its ruling. Irby, supra, was manifestly incorrect in its holding.
I would affirm.