465 So.2d 1229 (1985)
STATE of Florida, Petitioner,
v.
Larry WILLIAMS, Respondent.
No. 64618.
Supreme Court of Florida.
March 14, 1985.
*1230 Jim Smith, Atty. Gen., and Raymond L. Marky, Asst. Atty. Gen., Tallahassee, for petitioner.
Michael E. Allen, Public Defender and Paula S. Saunders, Asst. Public Defender, Second Judicial Circuit, Tallahassee, for respondent.
ADKINS, Justice.
We have for review Williams v. State, 440 So.2d 404 (Fla. 1st DCA 1983), which directly conflicts with Lusk v. State, 446 So.2d 1038 (Fla.), cert. denied, ___ U.S. ___, 105 S.Ct. 229, 83 L.Ed.2d 158 (1984). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
Williams was tried by a jury and convicted of battery of a correctional officer. The battery occurred while Williams was an inmate at the Union Correctional Institute.
At the trial, Williams sought to challenge for cause two correctional officers who were called as prospective jurors. Both of these jurors stated in response to defense counsel's questions that they could be impartial and base their verdict solely on the evidence despite the fact that they were employed in the prison system. Based upon these answers, the trial judge denied the challenge for cause.
The district court of appeal reversed, relying on its prior opinion in Irby v. State, 436 So.2d 1047 (Fla. 1st DCA 1983), review denied, 447 So.2d 888 (Fla. 1984). It had concluded in Irby that "the circumstances of the present case raise both an appearance and a substantial probability of inherent juror bias, in a trial for an alleged offense against a person in the course of employment involving unusual personal risks identical to those shared by the challenged jurors," and that the "denial of appellant's challenge was an abuse of discretion resulting in manifest error which requires reversal of appellant's conviction." Id. at 1048-49.
We disapprove of the first district court's decision in Irby v. State. The facts of Irby are similar to those in this case. Irby was convicted of battery of a correctional officer while he was an inmate at Union Correctional Institute. He challenged for cause the correctional officers who were part of the jury venire. In that case, as here, the jurors asserted that they would impartially decide the case solely on the facts presented. The appellate court chose to ignore this, however, in favor of a conclusion that the fact that the challenged juror was employed in the same position as the victim of the crime created "both an appearance and a substantial probability of inherent juror bias."
In Lusk v. State, Lusk argued that section 40.013(2), Florida Statutes (1983), should disqualify correctional officers since a law enforcement position inherently creates a disability to serve as a fair and impartial juror. We rejected that argument and reaffirmed our holding in Morgan v. State, 415 So.2d 6 (Fla.), cert. denied, 459 U.S. 1055, 103 S.Ct. 473, 74 L.Ed.2d 621 (1982), that state prison employees are not automatically disqualified from jury service. 446 So.2d at 1041.
Williams contends that Lusk is not applicable to his case because it did not involve "the limited circumstances which the case now before us presents, i.e., correlation of an unusual specific employment risk for the juror and the victim of the offense charged." Irby, 436 So.2d at 1049 n. 2. The test which we adopted in Lusk, however, is equally applicable in a situation such as this one, i.e., where both the juror *1231 and the victim are correctional officers. In Lusk we held that "[t]he test for determining juror competency is whether the juror can lay aside any bias or prejudice and render his verdict solely upon the evidence presented and the instructions on the law given to him by the Court." 446 So.2d at 1041 (citing Singer v. State, 109 So.2d 7 (Fla. 1959)).
The person in the best position to determine this actual bias is the trial judge. The trial judge hears and sees the prospective juror and has the unique ability to make an assessment of the individual's candor and the probable certainty of his answers to critical questions presented to him. This is why a trial court has broad discretion regarding juror bias, Hawthorne v. State, 399 So.2d 1088 (Fla. 1st DCA 1981), and his or her finding will not be disturbed "unless error is manifest." Singer v. State, 109 So.2d 7, 22 (Fla. 1959).
We have reviewed the transcript of record and we conclude that no error was present on the part of the trial judge in refusing to deny the challenges for cause.
Williams also argues that the trial court committed reversible error by forcing him to exhaust his peremptory challenges on persons who should have been excused for cause since it has the effect of abridging the right to exercise peremptory challenges, citing Leon v. State, 396 So.2d 203, 205 (Fla. 3d DCA), review denied, 407 So.2d 1106 (Fla. 1981). However, since we hold that the trial judge did not abuse his discretion in refusing to excuse the correctional officers for cause, there is no basis for holding that appellant was unconstitutionally denied additional challenges.
The decision of the First District Court of Appeal is quashed.
It is so ordered.
BOYD, C.J., and ALDERMAN, EHRLICH and SHAW, JJ., concur.
OVERTON and McDONALD, JJ., dissent.