PER CURIAM.
Wayne Warner appeals from judgments of conviction for two counts of DUI manslaughter and one count of DUI with serious bodily injury. We affirm.
Warner raised six points in his appeal; none constitutes reversible error. First, the prosecutor’s cross-examination of Warner and comments during closing argument did not deny Warner a fair trial and do not require a mistrial. See Johnson v. State, 380 So.2d 1024 (Fla.1979) (once defendant chooses to take stand he may be examined as other witnesses on matters which illuminate the quality of testimony); Cobb v. State, 376 So.2d 230 (Fla.1979) (mistrial motion appropriate only when error committed was so prejudicial as to vitiate entire trial).
Second, the trial court did not err in refusing to give a circumstantial evidence jury instruction where the court gave a reasonable doubt instruction. See In re Standard Jury Instructions, 431 So.2d 594 (Fla.1981) (giving of reasonable doubt instruction renders instruction on circumstantial evidence unnecessary).
Third, the trial court held an adequate evidentiary hearing and properly determined that Warner did not show good cause for striking two jurors who had been sworn. See State v. Williams, 465 So.2d 1229 (Fla.1985) (trial court has broad discretion regarding juror bias and its finding will not be disturbed unless error is manifest).
Fourth, the trial court correctly allowed a state witness to testify as an expert in accident reconstruction. See Ramirez v. State, 542 So.2d 352 (Fla.1989) (determination of whether witness is qualified to give expert opinion is peculiarly within discretion of trial court and its decision will not be reversed absent clear showing of error).
Fifth, the trial court properly admitted a gruesome photograph as it was relevant to the issues presented at trial. See Swan v. State, 322 So.2d 485 (Fla.1975) (gruesome and gory photographs may be admitted if proper depiction of factual conditions relating to the crime and if relevant in aiding court and jury).
Sixth, the trial court properly denied Warner’s motion for mistrial which was based on the arresting officer’s testimony regarding Warner’s weight. See Allred v. State, 622 So.2d 984 (Fla.1993) (routine booking questions such as height, weight, and eye color not designed to lead to incriminating response and do not require Miranda warnings).
Having found no merit in any of Warner’s points on appeal, the judgments of conviction are affirmed in all respects.
Affirmed.