PARIENTE, J.,
concurring in result.
I concur in result with the majority’s opinion because I believe it was error for the trial court to admit rebuttal testimony regarding Cozzie’s lack of remorse during the penalty phase of the trial. The majority states:
Similarly, the State was entitled to have Dr. McClaren explain the factual basis for his diagnosis of antisocial personality disorder, a diagnosis that Coz-zie’s own expert, Dr. Gold, specifically rejected. Within this context, it was proper for Dr. McClaren to testify that Cozzie satisfied the diagnostic criteria for antisocial personality disorder, in-eluding demonstrating á lack of remorse, especially since the trial court instructed the State to limit its questioning on Coz-zie’s ' lack of remorse 'to the antisocial personality diagnosis.
Majority op. at 728-29. However, this statement directly contradicts this Court’s opinion in Fletcher v. State, 168 So.3d 186 (Fla. 2015), where we held that it was error for the trial court to permit the State to-question its own expert on the defendant’s lack of remorse. Id. at 212. Specifically, in Fletcher we stated:
Here, Fletcher did not open the door to .lack of remorse evidence by calling an expert who testified generally that Fletcher suffered from, antisocial personality disorder. This Court has repeatedly held that a diagnosis of antisocial personality disorder does not permit this type of testimony. Specifically, in Atwater v. State, 626 So.2d 1325, 1328 (Fla. 1993), this Court stated that a trial court “err[s] in permitting the State on cross-examination to ask [the. defense’s expert] whether persons with antisocial personality showed remorse.” See also Peterson [v. State], 2 So.3d [146,] 158 [(Fla. 2009)] (holding that “the State ordinarily may not present evidence or argument about a defendant’s lack of remorse in the context of discussing a diagnosis of antisocial personality disorder”).-
Id. (first two alterations in original) (emphasis added).
*736 Moreover, the majority’s reliance on Abdool v. State, 53 So.3d 208, 221 (Fla. 2010), is misplaced. See majority op. at 727-28. In Abdool, the defendant did not object to the defense expert’s testimony elicited by the State on cross-examination during the penalty phase that Abdool lacked remorse, one of the characteristics of antisocial personality disorder. 53 So.3d at 220. Therefore, this Court’s inquiry was whether the statement constituted fundamental error. Id. (“Therefore, even if this testimony was error, we must review the claim to establish whether it was so prejudicial as to constitute fundamental error.”). Accordingly, in Abdool, this Court subjected the unobjected-to and brief testimony regarding the. defendant’s lack of remorse to the high burden of whether the error “goes to the foundation of the case or the merits of the cause of action and is equivalent to a denial of due process.” Id. (quoting Bailey v. State, 998 So.2d 545, 554 (Fla. 2008)). Because Cozzie objected to both statements by the defense and State’s expert witnesses regarding Cozzie’s lack of remorse as it related to his diagnosis of antisocial personality disorder, this case is more akin to the analysis in Fletcher than Abdool.
I concur in result because, although I find that the trial court erred, I would find the error harmless beyond a reasonable doubt. “The harmless error test ... places the burden on the state, as the beneficiary of the error, to prove beyond a reasonable doubt that the error complained of did not contribute to the verdict or, alternatively stated, that there is no reasonable possibility that the error contributed to the conviction.” State v. DiGuilio, 491 So.2d 1129, 1135 (Fla. 1986) (citing Chapman v. California, 386 U.S. 18, 24, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967)). Importantly, in the instant case, similar to Fletcher, the prosecutor did not argue lack of remorse during closing arguments, nor did he make any other reference to Cozzie’s lack of remorse following the initial statements. See Fletcher, 168 So.3d at 213. In light of the considerable aggravation in this case, it is clear that there is no reasonable possibility that this error contributed to Cozzie’s conviction. Id.; see also Atwater, 626 So.2d at 1328 (holding that a question as to whether an individual with antisocial personality disorder shows remorse is harmless error).
Finally, as this Court has previously stated, I would “caution the State to take precautions to prevent a reoccurrence of this problem that arises when a defendant permissibly offers a diagnosis of antisocial personality disorder as a mitigating circumstance .... [T]his type of evidence in itself does not open the door to the State rebutting the testimony with questions about lack of remorse as a feature of the disorder.” Fletcher, 168 So.3d at 213. For all these reasons, I concur with the majority’s result but disagree with its analysis regarding remorse, which is inconsistent with our recent precedent.