371 So.2d 1007 (1979)
John A. KAMPFF, Appellant,
v.
STATE of Florida, Appellee.
No. 48895.
Supreme Court of Florida.
March 29, 1979.
Rehearing Denied July 9, 1979.
Joel Hirschhorn of Hirschhorn & Freeman, Miami, for appellant.
Jim Smith, Atty. Gen., and Charles W. Musgrove, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
John Kampff was found guilty by a jury of the crime of murder in the first degree. The Circuit Court of the Nineteenth Judicial Circuit, in and for St. Lucie County, rendered a judgment of conviction. The jury recommended that Mr. Kampff be sentenced to death, and the court followed the jury's recommendation. This Court has appellate jurisdiction to review the judgment and the sentence. Art. V, § 3(b)(1), Fla. Const.; § 921.141(4), Fla. Stat. (1975).
The evidence, which included direct eye-witness testimony, established that the appellant killed Josephine Kampff, his former wife, by shooting her with a pistol, with a premeditated design to effect her death. *1008 The shooting was done at the victim's place of employment, a bakery and retail store. Five shots were fired, three of which entered the victim's body. The third bullet to enter her body was a direct shot to her head. The bullets were fired in rapid succession. There were two persons present besides the appellant and the victim when the shooting took place.
The appellant and the victim were married when he was twenty-one and she seventeen years of age. They reared four children. They were divorced after seventeen years of marriage. For three years after the divorce, the appellant begged his former wife to remarry him. The children testified to his continual harassment of her and his obsessive desire to regain his former status as husband. The obsession was intensified when he began to suspect that she was becoming involved romantically with another man.
There was testimony that the appellant had an extreme and chronic problem with alcoholism. During the last few days before the murder and on the day of the murder, the appellant visited at various times with his children and their friends. He continually brought up the subject of his former wife's involvement with another man, and the children vehemently defended their mother. They also demanded that he not bring up the matter, but he was incapable of complying.
The appellant raises several points on appeal from the judgment of conviction. Each of them has been given careful consideration. We hold that the evidence was sufficient to support the jury's verdict and that there was no reversible error in that portion of the trial at which appellant's guilt was adjudicated.
The appellant also challenges the sufficiency of the trial court's findings as to aggravating and mitigating circumstances and the propriety of the sentence of death.
As is required by the capital felony sentencing law, section 921.141, Florida Statutes (1975), the trial judge issued written findings of fact in support of the sentence:

FINDINGS UPON WHICH SENTENCE OF DEATH IS IMPOSED
The jury having rendered an advisory sentence in which a majority of the jurors recommended the Court impose a sentence of death, and the Court having concurred with the opinion reached by a majority of the jurors, now therefore, pursuant to the mandate of Florida Statute 921.141 requiring that the determination of the Court to impose a sentence of death be supported by specific written findings of fact based upon the records of the trial and the sentencing proceedings, it is hereby found and determined that aggravating circumstances, far outweighing any mitigating circumstances, are as follows:
1. The defendant planned his crime of murder well in advance.
2. The defendant made careful preparation by purchasing a pistol and cartridges for use in the crime of murder.
3. The defendant fired 5 pistol blasts from a .38 calibre pistol at the victim, at least one shot of which struck the victim in her head.
4. In committing murder the defendant jeopardized the lives of persons other than the victim.
5. The defendant entered upon a drinking spree of several days duration consuming large quantities of beer and whiskey.
All of which, taken together, make the capital felony especially heinous, atrocious and cruel and far outweigh any mitigating circumstances shown by the evidence and which must be considered by the Court.
This court, by order of April 18, 1977, directed that the trial court judge, among other things, clarify his findings by disclosing the statutorily enumerated aggravating circumstances which he found to exist and delineating the mitigating circumstances, if any, that he found to be outweighed by the aggravating circumstances. In his response, the trial court judge recited the following considerations:

*1009 Turning to the question of aggravating circumstances versus mitigating circumstances. From an examination of the Record it will be seen that the evidence produced by the State during the second part, or Penalty Proceedings, in the trial was striken [sic] by the trial judge on motion by the defense. Therefore, the only evidence to be considered by the jury while deliberating on the advisory sentence, and the trial judge in considering the aggravating circumstances, if any, and mitigating circumstances, if any, was the evidence produced during the first part of the trial. Therefore, examination of the whole record is required and when examined the record discloses the only listed aggravating circumstances which have any application here are as follows:
F.S. 921.141(5)
(c) The defendant knowingly created a great risk of death to many persons.
and
(h) The capital felony was especially heinous, atrocious, or cruel.
1  (on c above) Two persons other than Appellant/Defendant and the deceased were in the retail shop of the Dandee Bakery at the time of the killing. The Dandee Bakery employs many people. It is located on U.S. Highway # 1 and Avenue C in the City of Fort Pierce, a heavily traveled area. To the undersigned, the firing of five shots (at close range, only two of which hit the deceased) certainly "created a great risk of death to many persons."
2  (on h above) In Penalty Proceedings in capital cases juries are instructed that:
"Heinous" means extremely wicked or shockingly evil.
"Atrocious" means outrageously wicked and vile.
"Cruel" means designed to inflict a high degree of pain; utter indifference to, or enjoyment of, the suffering of others; pitiless.
In reiteration, a study and examination of the record reveals, in the opinion of the undersigned, facts which make this crime heinous, atrocious and cruel within the definitions above set forth.
The Appellant/Defendant planned the crime of murder well in advance, and by his own admission, for three years. He purchased the gun and ammunition the day before the killing, followed his ex-wife to her place of work and discharged his pistol five times, two blasts of which hit the deceased, one in the head after he carefully leaned over a sales counter to aim at her.
Appellant/Defendant, while testifying, showed no remorse. His son testified Appellant/Defendant gave him a .38 caliber bullet to give to his mother and told him to tell her to "have fun." Two of the Appellant's daughters testified. One testified he had been harassing her mother ever since their divorce. The other that Appellant asked her if she would miss her mother if anything happened to her. When advised his former wife was dead, Appellant's reply was "good."
The undersigned, after searching and sifting the evidence for mitigating circumstances as set forth in F.S. 921.141(6), finds none to be delineated here as directed by the Order for Clarification.
We consider first the finding that the firing of five shots at close range under the circumstances established that the appellant knowingly created a great risk of death to many persons. There was evidence that two persons besides the appellant and the victim were present in the store at the time of the shooting. There were other people in the building and in the general area. One of the bullets appellant fired ricocheted and lodged in a wall.
When the legislature chose the words with which to establish this aggravating circumstance, it indicated clearly that more was contemplated than a showing of some degree of risk of bodily harm to a few persons. "Great risk" means not a mere possibility but a likelihood or high probability. The great risk of death created by the capital felon's actions must be to "many" persons. By using the word "many," the legislature indicated that a great risk of death to a small number of *1010 people would not establish this aggravating circumstance. We hold that the trial court erred in finding that the appellant created a great risk of death to many persons.
We now turn our consideration to the court's finding that the murder was especially heinous, atrocious, or cruel. In State v. Dixon, 283 So.2d 1, 9 (Fla. 1973), it is explained that:
What is intended to be included are those capital crimes where the actual commission of the capital felony was accompanied by such additional acts as to set the crime apart from the norm of capital felonies  the conscienceless or pitiless crime which is unnecessarily torturous to the victim.
There is no support in the evidence for the conclusion that the appellant "planned" the murder for three years. The evidence showed, rather, that he spent three years brooding over his divorce. Directing a pistol shot straight to the head of the victim does not tend to establish this aggravating circumstance. The appellant's expression of satisfaction at his former wife's death can be interpreted as an indication of concern over whether she died quickly or lingered and suffered. We hold that the trial court erred in finding that the murder was especially heinous, atrocious, or cruel.
On review of the record we conclude that there was evidence which could have and should have been considered, tending to establish the following two mitigating circumstances:
(a) The defendant has no significant history of prior criminal activity.
(b) The capital felony was committed while the defendant was under the influence of extreme mental or emotional disturbance.
§ 921.141(6), Fla. Stat. (1975); see Halliwell v. State, 323 So.2d 557 (Fla. 1975).
In consideration of these mitigating circumstances, and in view of the fact that no aggravating circumstances were sufficiently established, we hold that the sentence of death imposed by the trial court was improper.
This cause is remanded to the trial court with directions to vacate the sentence of death and to impose a sentence of life imprisonment without eligibility for parole for twenty-five years.
It is so ordered.
ENGLAND, C.J., and BOYD, OVERTON, SUNDBERG and HATCHETT, JJ., concur.
ADKINS, J., concurs in result only.