BENTON, Judge,
dissenting.
Appellant stood trial for the same crimes against Kristi Hedden of which his brother had earlier been convicted. The trial court erred in denying the challenge for cause in the present case to a prospective juror who had heard a radio report “that this is the second Hedden trial and the brother had already been convicted.” Asked what he thought when he heard the report, the prospective juror said: “[I]t sounded like a decision had already been made.” Asked whether the report had made an impression on him, he said: “Oh, I think it did.”
While he said at one point that he did not think what he had heard would influence him, he later said: “I probably start off bias[ed against appellant.]” Ms. Clary, one of the prosecutors, then asked whether he could lay aside information he had received outside the courtroom in deciding the case. He answered: “I would think.” At this, Ms. Clary inquired: “You’re not sure?” And the prospective juror answered: ‘Well, I would say I would think I would.”
“[T]he mere fact that a juror is exposed to pretrial publicity is not enough to raise the presumption of unfairness.” Boggs v. State, 667 So.2d 765, 768 n. 5 (Fla.1996). “The test ... is whether the juror can lay aside any bias or prejudice and render his verdict solely upon the evidence ... and the ... law_” Lusk v. State, 446 So.2d 1038, 1041 (Fla.1984). But “if there is basis for any reasonable doubt as to any juror’s possessing that state of mind that will enable him to render an impartial verdict ... he should be excused on motion of a party....” Singer v. State, 109 So.2d 7, 23-24 (Fla.1959).
The prospective juror’s responses on voir dire afford a basis for such reasonable doubt here. Like the confession excluded in Reilly v. State, 557 So.2d 1365 (Fla.1990), appellant’s brother’s convictions were not evidence admitted or admissible in appellant’s case. Here the juror conceded he had formed an opinion that appellant was guilty on the basis of the inadmissible information. Asked on voir dire how he would vote “right now,” he answered: Well, I probably could abstain. But I would vote guilty.” The error in denying the challenge for cause was not harmless. Boggs; Reilly. The convictions should be reversed with directions for a new trial.
Under my view of the case, it is unnecessary to reach the other grounds urged for reversal. Appellant’s convictions and those of his brother, which were recently affirmed in Simmons v. State, 683 So.2d 1101 (Fla. 1st DCA 1996), hinge on the testimony of a single, mentally retarded witness, James Leonard Burney. A lead investigator agreed “that the only evidence against James Simmons is what Burney says.”
Appellant’s trial counsel (who does not represent him on appeal) filed a motion to disqualify witness as incompetent to testify or, in the alternative, for evaluation of witness and to determine admissibility of evidence concerning mental disability. But the record reflects no ruling specific to the present ease on whether Mr. Burney was competent to testify, nor any renewed objection at trial to Mr. Burney’s testimonial competence.
*1320 In the circumstances, the majority’s view that the issue of Mr. Burney’s competence as a witness has not been preserved for decision on direct appeal is understandable. Today’s decision does not, of course, foreclose collateral consideration of whether trial counsel’s failure to secure a ruling on the pretrial challenge to Mr. Burney’s competence to testify and to state an objection at trial amounted to ineffective assistance.