THOMAS, J.
 

 Appellant challenges his convictions for first-degree murder and robbery with a firearm, raising two issues on appeal: Whether the trial court erred in denying his peremptory strike of a juror, and whether it was error to exclude a defense witness. We affirm Appellant’s convictions, and write only to address why it was not error to exclude one of Appellant’s witnesses.
 

 Evidence Presented Below
 

 At trial, the medical examiner testified that the victim died of multiple gunshot wounds to the head and torso. In the medical examiner’s report, the three bullets recovered from the victim’s body were described as one .22 caliber bullet and two .380 caliber bullets. Among the items collected into evidence at the crime scene, however, were one .25 caliber casing and three .380 caliber casings. The former item was initially listed in the evidence report as a .22 caliber casing, but was later determined to be a .25 caliber casing during FDLE processing and analysis. At trial, the officer who recovered the casings testified as follows:
 

 A: I did the best that I could, as well as Detective Griner, based on our lay knowledge, and it to us appeared to be a .22, and it’s very difficult to read the area where we would normally read the caliber to be, so it was an educated guess and we were wrong.
 

 Q: You weren’t looking through a microscope or anything like that?
 

 A: No, we were just wrong.
 

 An FDLE firearms analyst confirmed that the bullet casing initially identified at the crime scene as a .22 caliber casing was actually from a .25 caliber cartridge:
 

 Q: And how were you able to determine that? Did you do it by the naked eye or how were you able to do it?
 

 A: Well, in this particular situation one can read the caliber designation actually printed on the back surface of the cartridge case. Dimensionally it also conforms then to the specification for a .25 auto.
 

 Q: Now, if one were looking at that in the dark, could one mistake that from a .22?
 

 A: Well, depending on the level of experience of the individual and the situation. And it’s possible to misstate a small cartridge case such as a .25 auto for one of the .22 caliber type cartridge cases. Um, certainly somebody with additional training, experience, appropriate lighting and perhaps glasses and what have you ... you could mistake it for a .22 rifle caliber. It’s happened in the past.
 

 Q: But there is no dispute in your mind in terms of it being a .25; is that correct?
 

 A: Oh, this is a .25 auto caliber cartridge case.
 

 
 *78
 
 The FDLE expert firearms analyst also contradicted the medical examiner’s identification of the .22 caliber bullet, noting that recovered bullets are often malformed and that medical examiners can incorrectly identify a bullet’s caliber. The firearms analyst also identified the three bullets removed from the victim’s body as one .25 caliber bullet and two .380 caliber bullets.
 

 Appellant, asserting that his defense was based on identity and that someone else committed the murder, called Officer Bailey to testify concerning her arrest of Fred Morman eight months after the victim’s murder.
 
 [1]
 
 The State objected. In his argument, Appellant did not rely on the medical examiner’s testimony regarding the .22 caliber bullet, but instead argued that Mr. Morman’s arrest and possession of a .22 caliber weapon were relevant and presented a jury question since the jury could find that a .22 caliber bullet had been found and Mr. Morman could be implicated for the murder. The trial court sustained the State’s objection and excluded Officer Bailey’s testimony, finding that Mr. Morman’s arrest with a .22 caliber weapon was prejudicial and not relevant in a homicide case where a .25 caliber weapon was used.
 

 Standard of Review and Analysis
 

 We review the trial court’s evidentiary ruling excluding Officer Bailey’s testimony to determine whether the trial court abused its discretion.
 
 San Martin v. State,
 
 717 So.2d 462, 470-71 (Fla.1998) (citing
 
 Welty v. State,
 
 402 So.2d 1159, 1162-63 (Fla.1981)). In general, all relevant evidence is admissible, unless excluded by a specific rule.
 
 See
 
 § 90.402, Fla. Stat. (2007). Relevant evidence is “evidence tending to prove or disprove a material fact.” § 90.401, Fla. Stat. A trial court should exclude even relevant evidence if any probative value of the proffered evidence is substantially outweighed by the danger of “unfair prejudice, confusion of issues, [or] misleading the jury.”
 
 Bartlett v. State,
 
 993 So.2d 157, 165 (Fla. 1st DCA 2008) (quoting § 90.403, Fla. Stat. (2003)).
 

 Here, we find that the trial court did not abuse its discretion in excluding the evidence of Mr. Morman’s arrest and possession of a .22 caliber weapon eight months after the murder, since such evidence was not relevant: There was no probative evidence that a .22 caliber weapon was used in the crime; the FDLE firearms expert testified that the bullet casings retrieved from the crime scene were .25 and .380 caliber casings; the police officer acknowledged that his initial description of the bullet casing as a .22 caliber casing was incorrect; and the medical examiner’s sole reference to a .22 caliber bullet was an isolated comment during cross examination. Furthermore, Appellant did not rely on the medical examiner’s testimony in support of his argument to admit it into evidence. We find no abuse of discretion in the trial court’s ruling that admitting such evidence would present a danger of unfair prejudice or confusion of the facts.
 

 In addition, the trial court properly applied the balancing test contained in section 90.403, Florida Statutes. In applying this test, the trial court must examine the need for such evidence and the chain of inference necessary to establish the material fact.
 
 See Taylor v. State,
 
 855 So.2d 1, 21-22 (Fla.2003). Here, the jury would have had to find that a person arrested eight months after the victim’s murder, who possessed a gun not linked to the murder, might nevertheless be found to have murdered the victim based on a witness’s admitted mistaken identification of a
 
 *79
 
 bullet casing. This requires a leap of logic that would, if followed, result in a verdict based not on fact, but on conjecture.
 

 We also reject Appellant’s argument of an alleged constitutional error in the trial court’s ruling. This argument was not raised below and will not be considered for the first time on appeal. Accordingly, we AFFIRM the trial court’s ruling.
 

 BARFIELD and BROWNING, JJ., concur.
 

 [1]
 

 . Mr. Morman testified for the State concerning Appellant’s statements about the murder and that he had driven Appellant to the airport several days after the murder.