[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 11, 2010
JOHN LEY
CLERK

No. 09-13349
Non-Argument Calendar

_____

D. C. Docket No. 08-80731-CV-DTKH

ROBERT CARRATELLI,

Petitioner-Appellant,

versus

ERNEST STEPP,
the Warden of South Bay
Correctional Institution,
SECRETARY, WALTER A. MCNEIL,
Florida Department of Corrections
Secretary Florida Department of Corrections,
BILL MCCOLLUM,
Attorney General State of Florida,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(June 11, 2010)

Before DUBINA, Chief Judge, CARNES and MARTIN, Circuit Judges.

PER CURIAM:

Appellant Robert Carratelli, a Florida state prisoner serving a 15-year sentence for his conviction for six counts of vehicular manslaughter under Fla. Stat. § 782.071(1), appeals the district court's denial of his 28 U.S.C. § 2254 petition. On appeal, he argues that his trial attorneys were constitutionally ineffective for failing to properly preserve for appeal cause challenges to jurors. He contends that the state court decisions were contrary to or were unreasonable applications of clearly established federal law when the state courts determined whether or not he was prejudiced by his attorneys' failures at trial, instead of examining whether he was prejudiced on appeal. He also argues that, in any event, the state courts erred by concluding that a juror—Inman—was not actually biased, and therefore that he was prejudiced at trial.

When examining a district court's denial of a § 2254 habeas petition, "we review questions of law and mixed questions of law and fact *de novo*, and findings of fact for clear error." *LeCroy v. Sec'y, Fla. Dep't of Corr.*, 421 F.3d 1237, 1259 (11th Cir. 2005). The district court's determination that the state court decision was reasonable is reviewed *de novo*. *Id.*

Pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA"),

2

a federal court may only grant habeas relief with respect to a claim adjudicated in state court if the state court proceedings: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *Maharaj v. Sec'y Fla. Dep't. of Corr.*, 432 F.3d 1292, 1308 (11th Cir. 2005). "[A] determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

In Florida, "to preserve for appellate review a claim that the trial court improperly denied a cause challenge to a juror, a defendant must exhaust his peremptory challenges, request an additional peremptory challenge from the court, and demonstrate that an objectionable juror was seated." *Jenkins v. State*, 824 So. 2d 977, 981 (Fla. Dist. Ct. App. 2002). When the record demonstrates a properly preserved objection, and the court finds error involving the seating of an objectionable juror on direct appeal, "reversal is automatic, even where the trial is otherwise perfect, even if the questioned juror actually served with the wisdom of Solomon." *Carratelli v. State*, 832 So. 2d 850, 857 (Fla. Dist. Ct. App. 2002).

3

However, when the issue is raised in postconviction proceedings without being properly preserved, the defendant must show that a biased juror actually served on the jury. *Jenkins,* 824 So. 2d at 982.

Under the Sixth Amendment of the Constitution, a defendant has the right to effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686, 104 S. Ct. 2052, 2063-64 (1984). To establish ineffective assistance of counsel, a defendant must show: (1) that counsel's representation fell below an objective standard of reasonableness, and (2) that the defendant was prejudiced as a result, meaning that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. Id. at 688, 104 S. Ct. at 2065.

In *Roe v. Flores-Ortega*, the Supreme Court examined a case involving trial counsel's failure to file a notice of appeal on behalf of a defendant. 528 U.S. 470, 474, 120 S. Ct. 1029, 1033 (2000). The Supreme Court held that "when counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken, the defendant has made out a successful ineffective assistance of counsel claim entitling him to an appeal." *Id.* at 484, 120 S. Ct. at 1039. The Court noted that counsel's performance deprived the defendant of an appellate proceeding altogether.

In *Strickland*, the Supreme Court held that "[w]hen a defendant challenges a

4

conviction, the question is whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." *Strickland*, 466 U.S. at 695, 104 S. Ct. at 2068-69. It contrasted this with a prejudice inquiry regarding ineffective assistance at the sentencing phase of a capital case, at issue there, where the inquiry was whether there was a reasonable possibility the factfinder would have concluded that the balance of mitigating and aggravating circumstances did not warrant the death penalty. *Id.* at 695, 104 S. Ct. at 2069.

In *Davis v. Sec. for Dep't of Corrs.*, the petitioner argued that his trial attorney was ineffective, under *Strickland*, for failing to preserve a *Batson*[1] claim for appeal. *Davis*, 341 F.3d 1310, 1313 (11th Cir. 2003). We determined that the dispute was whether this failure prejudiced Davis's trial or his appeal. *Id.* at 1314. We noted the Supreme Court's holding in *Flores-Ortega* "thus establishes that the prejudice showing required by *Strickland* is not always fastened to the forum in which counsel performs deficiently: even when it is *trial* counsel who represents a client ineffectively in the *trial court*, the relevant focus in assessing prejudice may be the client's appeal." *Id.* at 1315. We observed that, in Davis's case, "the only effect of *trial* counsel's negligence was on Davis' *appeal*." *Id.* Therefore, we held

---

[1] *Batson v. Kentucky*, 476 U.S. 79, 106 S. Ct. (1986).

that "when a defendant raises the unusual claim that trial counsel, while efficacious in raising an issue, nonetheless failed to preserve it for appeal, the appropriate prejudice inquiry asks whether there is a reasonable likelihood of a more favorable outcome on appeal had the claim been preserved." *Id*. at 1316. Of significance, in coming to this conclusion, we noted that§ 2254(d)(1) deference, necessitating a finding that the state court's ruling was contrary to or an unreasonable application of established federal law, was not required because the state courts did not resolve the merits of his case. *Id*. at 1313.

In *Purvis v. Crosby*, 451 F.3d 734, 739-40 (11th Cir. 2006), the defendant argued that his trial counsel's failure to object to the state court clearing the courtroom of most of the public during a young victim's testimony failed to preserve the issue for appeal, and that, had it been preserved, the case would have been reversed. *Purvis*, 451 F.3d at 739. We noted that, first, had he objected at trial, the trial court might have agreed with the defendant and corrected the error. *Id*. Second, we cited *Strickland* for the proposition that when an error is claimed at the guilt stage of a trial, the focus of the prejudice inquiry is the result at trial. *Id*. at 739 (citing *Strickland*, 466 U.S. at 694-95, 103 S. Ct. at 2068-69). We distinguished our holding in *Davis* by noting that "because the failure of counsel was *solely in his role as appellate counsel at trial* (those are not the words we used

6

in *Davis*, but it is what we meant), the prejudice inquiry should focus on the effect

that counsel's omission at trial had on the appeal." *Id.* at 739 (emphasis added).

We noted that this was distinguishable from another case, *Jackson v. Herring*, 42

F.3d 1350 (11th Cir. 1995), where the failure to raise a *Batson* complaint was held

to be a trial failure, not an appellate one, because in *Jackson* the attorney was

entirely silent and did not bring the issue to the court's attention at all. *Purvis*, 451

F.3d at 739 (citing *Jackson*, 42 F.3d at 1361-62). We noted that Purvis's case was

similar to *Jackson*, in that his attorney did not raise the issue at all, and therefore

the prejudice inquiry was focused on the outcome at trial. *Id.* at 739-40. Notably,

we stated that *Purvis*, unlike *Davis*, was not:

> the "unusual case" involving the "peculiar circumstances" where
> counsel recognized and pressed an issue before the trial court and then
> neglected to take some step that is relevant only to the appellate stage.
> This is the more typical ineffective assistance of trial counsel case
> where the claim is that trial counsel did not raise the issue at all. The
> broad, generally applicable rule of measuring prejudice in terms of
> impact on the result of the trial instead of on the result of the appeal,
> which is set out in *Strickland* and followed in decisions like *Jackson*,
> applies; the razor thin exception recognized in the *Davis* case does
> not.

*Id.* at 740. Finally, we also stated, "[o]ur reasoning and the result in *Davis*

arguably were pushing things given what the Supreme Court said in *Strickland*

about measuring the effect of counsel's errors at the guilt stage of a trial against the

result of the trial instead of the appeal." *Id.* at 739.

7

Our decision in *Davis* is not clearly-established federal law under the AEDPA. *See Hammond v. Hall*, 586 F.3d 1289, 1340 n.21 (11th Cir. 2009). In any event, assuming *arguendo* that the facts of this case are similar to *Davis*, the standard of review is different. In *Davis*, the court's review was *de novo*, and in this case we review whether the state courts' decisions were contrary to or an unreasonable application of clearly established federal law. In *Strickland*, the Supreme Court indicated that the prejudice inquiry focuses on the forum where it occurred. In *Flores-Ortega*, it indicated that this is not always the case, but it did not address a situation such as this one, where the issue was raised but not properly preserved. Thus, there is no clearly established federal law by the Supreme Court specifically addressing whether the federal court should examine the prejudice on appeal rather than at trial in a case like this one. Accordingly, the district court correctly affirmed the state court decisions holding that the relevant prejudice inquiry should focus on trial, not the appeal, under the facts presented in this case.

Under Florida law, to obtain relief in a postconviction motion where the alleged error is counsel's failure to preserve a cause challenge, a movant must demonstrate that a biased juror actually served on the jury. *Carratelli v. State*, 961 So. 2d 312, 324 (Fla. 2007). A juror is competent if he or she "can lay aside any bias or prejudice and render his verdict solely upon the evidence presented and the

8

instructions on the law given to him by the court." *Lusk v. State*, 446 So. 2d 1038, 1041 (Fla. 1984). The defendant must demonstrate that the juror was not impartial, meaning he or she was biased against the defendant, and the bias was evidenced on the face of the record. *Carratelli*, 961 So. 2d at 324.

Carratelli has not demonstrated by clear and convincing evidence that the state courts erroneously concluded that Inman was not actually biased. The court found that Inman admitted to having some exposure to the case and having been affected by it, but he also indicated that he had not formed a definitive opinion and would listen to all the evidence with a blank slate. Under the circumstances, Carratelli has not rebutted by clear and convincing evidence the state court's conclusion. Therefore, Carratelli did not demonstrate he was prejudiced at trial by his attorneys' failure to obtain a definitive ruling on the denial of his motion to strike Inman and other jurors for cause.

For the aforementioned reasons, we affirm the district court's judgment denying Carratelli federal habeas relief.

**AFFIRMED.**